UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RAHUL SHAH | No. 20 CR 293<br><br>Magistrate Judge Maria Valdez |

**STIPULATED PROTECTIVE ORDER GOVERNING DISCOVERY**

Upon the motion of the UNITED STATES and defendant RAHUL SHAH (collectively, the "parties"), pursuant to Fed. R. Crim. P. 16(d), it is hereby ORDERED:

1. This case involves records that contain social security numbers, home addresses, personal telephone numbers and similar types of private personal information about individuals not charged in this case ("personal private information"). In order to protect this personal private information, all of the materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the materials") are subject to this protective order and may be used by defendant SHAH and SHAH's counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court, except as provided below.

2. SHAH and SHAH's counsel may use the materials without any of the restrictions present in this order if counsel redacts the record to be used or shared so that no personal private information remains in the record (except that the name may be left unredacted). Such a redacted record can be filed in Court without the need for sealing the record. For unredacted records that contain personal private information, SHAH and SHAH's counsel shall not disclose such materials or their contents directly or indirectly to any person or entity **other than** (a) persons employed to

assist in the defense such as experts and consultants, the entities and the employees of those entities for which the PPP loans were submitted, (b) persons who are interviewed as potential witnesses, (c) counsel for potential witnesses, (d) counsel in a joint defense agreement with SHAH's counsel and their clients; and (e) other persons to whom the Court may authorize disclosure (collectively, "authorized persons"). Due to the COVID-19 pandemic and the need to maintain social-distancing, authorized persons may be provided with unredacted copies of the materials as necessary to prepare the defense, after they agree to be bound by the agreement to protect the personal private information attached hereto as Exhibit A. SHAH's counsel shall maintain a copy of the signed Exhibit As and may, if required, file those executed Exhibit As with the Court under seal and in camera without serving the government with the filing.

3. SHAH, SHAH's counsel, and authorized persons shall not copy or reproduce the materials except in order to provide copies of the materials for use in connection with this case by defendant, defendant's counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials.

4. SHAH, SHAH's counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

5. Before providing materials to an authorized person, SHAH's counsel must provide the authorized person with a copy of this Order.

6. Upon conclusion of all stages of this case, all of the materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The materials may be (1) destroyed; (2) returned to the United States; or (3) retained in SHAH's

counsel's case file The Court may require a certification as to the disposition of any such materials. In the event that the materials are retained by defense counsel, the restrictions of this Order continue in effect for as long as the materials are so maintained, and the materials may not be disseminated or used in connection with any other matter without further order of the Court.

7. To the extent any material is produced by the United States to SHAH or SHAH's counsel by mistake, the United States shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, SHAH and/or SHAH's counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

8. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit SHAH's counsel in the use of discovery materials in representing their client in judicial proceedings in this case.

9. Nothing contained in this Order shall preclude any party to this Order from applying to this Court for further relief or for modification of any provision hereof.

ENTERED:

*/s/ Maria Valdez/*

Honorable Maria Valdez
Magistrate Judge, United States District Court for the
Northern District of Illinois

DATED: July 23, 2020

3

<u>Exhibit A in U.S. v. Shah</u>

   I, _____, have read the Court's order and have received a copy of it. I agree to be bound by its terms. I understand that the materials I have received contain personal private information about persons other than me. I will not share, distribute or use any such personal private information. If I do, I can be held in contempt of court for violating the Court's protective order in this case. When done with the materials I received in this case, I agree to destroy them or return them to counsel for Rahul Shah. I will provide a signed copy of this agreement to counsel for Rahul Shah.


_____
<u>Date</u>


_____
<u>Printed Name</u>


_____
<u>Signature</u>


_____
<u>Address</u>